# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW      WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

| | |
|---|---|
| **PENNSYLVANIA** | **DELAWARE** |
| Bethlehem | Wilmington |
| Doylestown | **OHIO** |
| Erie | Cleveland |
| Harrisburg | |
| King of Prussia | **FLORIDA** |
| Philadelphia | Ft. Lauderdale |
| Pittsburgh | Jacksonville |
| Scranton | Orlando |
| | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Cherry Hill | Long Island |
| Roseland | New York City |

**88 Pine St, 21st Floor · New York, NY 10005**
**(212) 376-6400 · Fax (212) 376-6490**

**Direct Dial: (212) 376-6413**
**Email: RDLane@MDWCG.com**

May 2, 2013

**VIA FEDERAL EXPRESS AND ECF**

U.S. District Judge Kiyo A. Matsumoto
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room S905
Brooklyn, New York 11201

> **Re:   Moshe Wullinger v. Monarch Recovery Management, Inc.**
> **United States District Court Eastern District of New York**
> **Docket No.:  1:13-cv-00762-KAM-VMS**
> **Our File No.:  14180.06613**

To the Honorable Kiyo A. Matsumoto:

My law firm represents Defendant, Monarch Recovery Management, Inc. ("Monarch"), in the above-captioned matter, against Plaintiff, Moshe Wullinger ("Plaintiff").  In this matter, Plaintiff's class-action claims are subsumed by an existing class action, and therefore Plaintiff cannot serve as class representative of the pending matter.  Pursuant to Your Honor's Individual Rules and Practices, Monarch respectfully requests a Pre-Motion Conference to seek leave to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

In his class-action Complaint, filed on February 11, 2013, Plaintiff alleges that Monarch violated his rights, as well as the rights of other unnamed, similarly situated persons, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").  Specifically, Plaintiff alleges that in voicemail messages left for Plaintiff, Monarch failed to meaningfully disclose its proper company name, that communications were from a debt collector, and its calls were made in an attempt to collect a debt. Without providing a factual basis in support thereof, Plaintiff then asserts that class treatment is appropriate in this matter, because Monarch has a "pattern or practice" of leaving such messages.

In his Complaint, Plaintiff defines his class as "(a) all persons in the State of New York; (b) for whom Monarch Recovery Management, Inc., left a voicemail or answering machine message, in the form substantially similar to the message left for Plaintiff; (c)

The Honorable Kiyo A. Matsumoto
May 2, 2013
Page 2

_____

that did not identify Monarch Recovery Management, Inc., by its true company name or state that the call was for collection purposes; (d) made in connection with Monarch Recovery Management, Inc.'s attempt to collect a debt; (e) which the said messages violate the FDCPA; (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial Complaint filed in this action."

However, on December 18, 2012, approximately two months prior to the filing of Wullinger, a class action was filed against Monarch raising substantially similar (and equally defective) allegations, with a virtually identical class definition. See Fischer v. Monarch Recovery Management, Inc., Case No. 1:12-cv-9219 (S.D.N.Y.).  Fischer defines the class as "(a) all persons in the State of New York (b) for whom Defendant left a telephonic voice message, in the form of the Fischer Messages, (c) that did not identify Defendant by its true company name or state that the call was for collection purposes (d) made in connection with Defendant's attempts to collect a debt (e) which Messages violate the FDCPA (f) during a period of one year prior to the filing of this action, and ending 21 days after the filing of this complaint."  As the allegedly violative message cited in Plaintiff's Complaint was in March of 2012, Plaintiff is a member of the Fischer class.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a matter for lack of subject-matter jurisdiction.  In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), federal courts "need not accept as true contested jurisdictional allegations."  Jarvis v. Cardillo, 1999 U.S. Dist. LEXIS 4310, No. 98 Civ. 5793 (RWS), 1999 WL 187205, at *2 (S.D.N.Y. Apr. 5, 1999). Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998). As the party "seeking to invoke the subject matter jurisdiction of the district court," Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996), the plaintiff bears the burden of demonstrating by a preponderance of the evidence that there is subject matter jurisdiction in the case. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

The Court may dismiss a matter for lack of subject matter jurisdiction if there is a case pending with similar or identical parties, facts and legal issues.  See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (US 1976).  The general rule among federal district courts is to avoid duplicative litigation.  Id., at 817.  "The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata," as each vests a court with the power and discretion to dismiss a duplicative action to promote fairness and judicial economy. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000).  If a member of an existing class-action seeks to bring a class action for the same alleged violation, his claim is "subsumed" by the existing class action.  See In re Wireless Tel. Fed. Cost Recovery Fees Litig., at 16-17 (W.D. Mo. 2003) ("The potential for confusion and chaos is great enough that this Court need not wait for it to happen before enjoining the possibility.")

The Honorable Kiyo A. Matsumoto
May 2, 2013
Page 3

_____

In this matter, Plaintiff Moshe Wullinger is already a member of the <u>Fischer</u> class. There is nothing unique about his claim that distinguishes it from <u>Fischer</u>, and his class definition is virtually identical.  As there is no issue of fact or law that need be litigated in this matter, Monarch intends to request this Honorable Court dismiss Plaintiff's class-action claims for lack of subject matter jurisdiction.

As an alternative to dismissal, a moving party may seek to stay a matter, pending disposition of an existing suit.  <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133 (2d Cir. 2000). (observing that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit"). <u>Wyler-Wittenberg v. MetLife Home Loans, Inc.,</u> 2012 U.S. Dist. LEXIS 150865 (E.D.N.Y. Oct. 17, 2012).  Monarch believes that dismissal is the preferential approach, should the Court opt not to dismiss this matter, Monarch intends to seek the alternate relief of an order to stay <u>Wullinger</u> pending disposition of <u>Fischer</u>.

Pursuant to Your Honor's Practices and Procedures, Monarch submits the following Proposed Briefing Schedule for its Motion to Dismiss:

- Monarch's Motion to Dismiss to be submitted by: fourteen (14) days from the date of the Motion Conference.

- Plaintiff's Opposition to Monarch's Motion to Dismiss to be submitted by: twenty-one (21) days from the date of the filing of Monarch's Motion to Dismiss.

- Monarch's Brief in Reply to Plaintiff's Opposition to Monarch's Motion to Dismiss to     be submitted by: seven (7) days from the date of the filing of Plaintiff's Opposition to the Motion to Dismiss.

We appreciate Your Honor's time and consideration regarding this matter.


                                        Respectfully submitted,


                              _____/s/_____

                                        R. David Lane
                                        Attorney for Defendant,
                                        Monarch Recovery Management, Inc.

        cc:

        David Palace, Esq.
        383 Kingston Ave.
        Brooklyn, NY 11213
        Attorney for Plaintiff, Moshe Wullinger